# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# MEMPHIS DIVISION

| | | |
|---|---|---|
| MARK LOVE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:24-cv-2590 |
| | ) | |
| v. | ) | **JURY DEMAND** |
| | ) | |
| AMAZON, | ) | District Judge Lipman |
| | ) | |
| Defendant. | ) | Magistrate Judge Pham |

## DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Amazon.com Services LLC (incorrectly identified as "Amazon") answers the Complaint (Doc. No. 2) filed by Plaintiff Mark Love as follows:

## ANSWER TO PLAINTIFF'S ALLEGATIONS

Without waiving any of its affirmative or other defenses, Defendant answers Plaintiff's Complaint allegations on a paragraph-by-paragraph basis as follows:

1. Defendant acknowledges that Plaintiff is bringing claims under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). Defendant denies that Plaintiff has meritorious claims or is entitled to any relief under this statute.

### Jurisdiction

2. Defendant admits this Court has subject matter jurisdiction over Plaintiff's claims brought pursuant to Title VII.

### Parties

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and, therefore, denies same.

4. Defendant admits that it operates a fulfillment center at the address specified.

5. This paragraph does not contain any factual allegations and, therefore, requires neither an admission nor denial.

6. Defendant denies Plaintiff was subjected to any discriminatory conduct on the basis of any protected class or for engaging in any protected activity.

7. Defendant denies engaging in any discriminatory or retaliatory conduct toward Plaintiff at any time, including during the periods specified.

8. Defendant admits it was not committing any discriminatory acts toward Plaintiff at the time Plaintiff filed his Complaint. Defendant denies ever engaging in discriminatory conduct toward Plaintiff.

9. This paragraph does not identify any basis on which Plaintiff believes that he was discriminated against and, therefore, requires neither an admission nor denial.

10. Defendant denies each allegation contained in Paragraph 10 of the Complaint.

11. This paragraph does not contain any factual allegations and, therefore, requires neither an admission nor denial.

12. Defendant admits Plaintiff filed a charge on or about August 8, 2023, with the Equal Employment Opportunity Commission ("EEOC").

13. This paragraph does not contain any factual allegations and, therefore, requires neither an admission nor denial.

14. Defendant admits the EEOC issued a Notice of Right to Sue letter to Plaintiff on July 11, 2024. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph and, therefore, denies same.

15. This paragraph does not contain any factual allegations and, therefore, requires

neither an admission nor denial.

16. This paragraph does not contain any factual allegations and, therefore, requires neither an admission nor denial.

## Prayer for Relief

Defendant denies that Plaintiff is entitled to the relief sought in the Complaint, or any other recovery, remedy, or damages, or any sum or amount whatsoever, arising from any alleged conduct, act, or omission of Defendant.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state, in whole or in part, a claim upon which relief may be granted.

2. To the extent Plaintiff's claims and allegations exceed the reasonable scope of any investigation of any Charge of Discrimination filed with the Equal Employment Opportunity Commission and/or the Tennessee Human Rights Commission based on the same underlying allegations as set forth in the Complaint, such claims and allegations are barred.

3. Plaintiff's request for an award of damages should be offset, in whole or in part, based on Plaintiff's failure to mitigate his alleged damages, and/or to the extent that Plaintiff successfully mitigated his damages.

4. Any actions taken concerning Plaintiff's employment were done for legitimate, non-discriminatory, non-retaliatory business reasons.

5. Any employment actions about which Plaintiff complains were taken for reasons other than any alleged protected status held by Plaintiff.

6. Plaintiff cannot establish a causal link between any protected category, or any alleged protected activity, and any alleged adverse employment action.

7. Defendant has disseminated anti-discrimination and anti-retaliation policies, and Defendant, at all times, acted in good faith and in compliance with its policies with respect to Plaintiff.

8. Defendant exercised reasonable care to prevent and promptly correct any alleged discrimination or retaliation from occurring, and Plaintiff failed to take advantage of the preventative or corrective opportunities, or otherwise failed to avoid the alleged harm.

9. Defendant did not know, nor should it have known, of any allegedly discriminatory or retaliatory conduct.

10. To the extent any of Defendant's employees engaged in any of the conduct described in the Complaint, such actions were outside the course and scope of its employees' employment, were contrary to the policies and directives of Defendant, and were not done in furtherance of Defendant's business interests.

11. Any alleged violations of any statute were not willful, wanton, or malicious. At all relevant times, Defendant neither knew that any alleged actions violated any statutes, nor did it show a reckless disregard for whether its actions violated any statutes.

12. Plaintiff is not entitled to any damages because all actions taken toward Plaintiff by Defendant were made in good faith and with reasonable grounds to believe that its acts or omissions complied with applicable law, and Plaintiff cannot show that Defendant willfully violated any law with respect to its treatment of him.

13. Plaintiff's claims are barred, or any alleged damages should be offset, by the after-acquired evidence doctrine, if applicable.

14. Plaintiff's claims for actual, exemplary damages and any other damages and other relief are subject to all applicable statutory caps and limitations.

15. Any claims by Plaintiff for damages of any kind are unwarranted because Defendant acted in good faith and with the reasonable belief that its actions were lawful.

16. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches.

17. Defendant cannot fully anticipate all affirmative defenses that may be applicable to this case at this time. Accordingly, Defendant reserves the right to assert additional affirmative defenses as may be appropriate in connection with the facts obtained through discovery.

WHEREFORE, Defendant prays:

1. For an order dismissing Plaintiff's claims, with prejudice, and entering judgment in favor of Defendant and against Plaintiff;

2. For all costs, disbursements, and reasonable attorneys' fees incurred by Defendant in connection with this matter; and

3. For any other such relief as the Court in the exercise of its discretion deems just and proper.

/s/ Elizabeth Sitgreaves
Elizabeth Sitgreaves, Bar No. 027539
lsitgreaves@littler.com
Littler Mendelson, P.C.
333 Commerce Street, Suite 1450
Nashville, TN  37201
Telephone:     615.383.3033
Facsimile:     615.383.3323

and

Dionysia Johnson-Massie, *pro hac vice admission to be filed*
Georgia Bar No. 393323
Littler Mendelson, P.C.
3424 Peachtree Road N.E.
Suite 1200
Atlanta, GA  30326
404.233.0330 (Telephone)
404.233.2361 (Facsimile)

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify on this 22nd day of November 2024, the foregoing was filed electronically through the ECF system, is available for viewing and downloading from the ECF system and will be sent electronically to the registered participants identified on the Notice of Electronic Filings, and if unregistered mailed to their address, as follows:

Mark Love
3866 Advantage Way, Apt. 105
Memphis, TN 38128
m66382707@gmail.com

/s/ Elizabeth Sitgreaves
Elizabeth Sitgreaves