IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |  |
|---|---|---|
| **MARK LOVE,** | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 24-cv-2590-SHL-tmp |
| | ) | |
| **AMAZON,** | ) | |
| | ) | |
|     Defendant. | ) | |
| | ) | |

_____

**ORDER DENYING PLAINTIFF'S PRO SE MOTION TO APPOINT COUNSEL**
_____

Before the court is *pro se* plaintiff Mark Love's Motion to Appoint Counsel, filed on November 19, 2024.[1] (ECF No. 11.) In support of his motion, Love simply writes: "I'm not able to afford an Attorney, and I'm asking for the Court to appoint one for me for this reason." (Id.)

"The appointment of counsel in a civil proceeding is not a constitutional right and is justified only in exceptional circumstances." Lanier v. Bryant, 332 F.3d 999, 1006 (6th Cir. 2003) (citing Lavado v. Keohane, 992 F.2d 601, 605-06 (6th Cir. 1993)). Pursuant to Administrative Order 2023-38, "[b]efore appointing counsel to represent a party in a case, the presiding

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management of all pretrial matters for determination or report and recommendation, as appropriate.

judge will consider the party's financial resources, the efforts of the party to obtain counsel, and whether the party's claim or defense appears to have merit." A party seeking appointment of counsel "may file a motion in their case seeking appointment of counsel and must submit the [] 'Declaration of Need by Litigant.'" Admin. Order 2023-38. "If the motion is granted, the court will enter an order directing the Clerk to locate and obtain the consent of counsel to be appointed, and upon acceptance of the appointment, the court will enter an order in the case making the appointment." Kiner v. City of Memphis, No. 23-cv-02805, 2024 WL 2928661, at *1 (W.D. Tenn. Jan. 5, 2024), appeal denied, 2024 WL 559257 (W.D. Tenn. Feb. 12, 2024) (citing Admin. Order 2023-38).

Here, Love has not shown that exceptional circumstances exist justifying the appointment of counsel. The undersigned is mindful that Love has asserted he is unable to afford representation. At this stage of the proceedings, however, Love has not satisfied his burden of demonstrating that the court should exercise its discretion to appoint counsel. The court has considered the nature of the case, Love's ability to represent himself, the complexity of the factual and legal issues involved, and Love's likelihood of success on the merits. The court finds that Love has not demonstrated exceptional circumstances and therefore appointment of counsel is not warranted.

Accordingly, Love's Motion for Appointment of Counsel is DENIED.

IT IS SO ORDERED.

                                        s/Tu M. Pham  
                                        TU M. PHAM  
                                        Chief United States Magistrate Judge

                                        November 27, 2024  
                                        Date